# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**ROGER D. FRALEY,**
**Claimant Below, Petitioner**

**FILED**

November 6, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0722** (BOR Appeal No. 2053981)
                    (Claim No. 2018021206)

**ALPHA NATURAL RESOURCES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roger D. Fraley, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Alpha Natural Resources, Inc., by Counsel H. Dill Battle III, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on April 11, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its February 11, 2019, Order. The Order was affirmed by the Board of Review on July 19, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fraley, a coal miner and electrician, alleges that he developed carpal tunnel syndrome as a result of his employment. On March 10, 2016, Mr. Fraley was treated at Beckley ARH and was diagnosed with sleep apnea, morbid obesity, lower back pain, neck pain, knee pain, and anxiety. He returned on June 20, 2016, and was diagnosed with hand numbness, likely secondary to cervical narrowing. Mr. Fraley underwent an EMG on December 15, 2016, which showed active left C5-6 radiculopathy with moderate bilateral median mononeuropathy at the wrist consistent with carpal tunnel syndrome. There was also evidence of widespread peripheral neuropathy.

On December 15, 2016, Mr. Fraley was referred to Barry Vaught, M.D., for arm and hand numbness as well as neck pain. Dr. Vaught diagnosed bilateral carpal tunnel syndrome and

1

polyneuropathy. On January 30, 2017, Rajesh Patel, M.D, treated Mr. Fraley following an injury to his neck and shoulder approximately two weeks prior while lifting buckets of water. Mr. Fraley had not worked since the injury occurred on January 17, 2017. Dr. Patel diagnosed cervical sprain, lumbar sprain, right rotator cuff sprain, cervical neuroforaminal narrowing from C3-6, cervical disc protrusions at C3-4 and C4-5, right C5-6 cervical radiculopathy, and right shoulder rotator cuff syndrome.

Mr. Fraley began treating with S. Brett Whitfield, M.D., on February 23, 2017. He reported that he was injured at work while lifting a five-gallon bucket from his truck. He also reported numbness in both hands before the injury but stated that the numbness had increased. Dr. Whitfield diagnosed right shoulder impingement, right shoulder biceps tendon tear with possible rupture, and multiple areas of cervical neuroforaminal narrowing with multiple disc protrusions. Mr. Fraley underwent an EMG on March 6, 2017, which showed active right C5-6 radiculopathy, bilateral carpal tunnel syndrome, and widespread peripheral polyneuropathy in the upper extremities.

In a March 13, 2017, treatment note, Dr. Patel diagnosed cervical stenosis at C4-5 and C5-6, right shoulder rotator cuff syndrome, right C5-6 radiculopathy, cervical degenerative disc disease, carpal tunnel syndrome, and upper extremity peripheral neuropathy. Dr. Patel stated that surgery could be considered for the cervical spine, and Mr. Farley underwent surgery on July 13, 2017.

On September 27, 2017, Dr. Patel, diagnosed cervical post-fusion syndrome C4-6, right rotator cuff sprain, cervical sprain, and bilateral carpal tunnel syndrome. Mr. Fraley was seen by Dr. Whitfield on January 25, 2018, due to continued difficulty with bilateral hand numbness. He diagnosed post-right shoulder rotator cuff repair, mild residual weakness in the rotator cuff muscles, and bilateral carpal tunnel syndrome. He recommended carpal tunnel release. On February 27, 2018, Z. Kabbara, M.D., also diagnosed bilateral carpal tunnel syndrome.

Mr. Fraley completed an Employees' and Physicians' Report of Injury on March 1, 2018, alleging an injury to both hands in the course of his employment. The physician's section was completed by Dr. Whitfield, who opined that Mr. Fraley developed bilateral carpal tunnel syndrome as a result of his employment. The employer completed a carpal tunnel questionnaire on March 22, 2018, indicating that Mr. Fraley's job duties required constant acts of manual dexterity, constant reaching high and low levels, occasional wrench use to push/pull forty to ninety pounds, and occasional lifting up to eighty pounds.

Mr. Fraley completed a carpal tunnel syndrome questionnaire on March 26, 2018, indicating that he used impact guns, ratchets, wrenches, hammer, sledgehammers, chisels, cable cutters, pliers, channel locks, and various other tools in the course of his employment. He had to frequently push or pull fifty pounds and had to continuously use pounding, hammering, and vibrating tools. The claims administrator rejected the claim on April 11, 2018.

Rebecca Thaxton, M.D., performed a physician review on April 15, 2018, in which she opined that there was insufficient evidence to find that Mr. Fraley's carpal tunnel syndrome was the result of his compensable injury. On July 17, 2018, Bruce Guberman, M.D., performed an

independent medical evaluation in which he diagnosed bilateral carpal tunnel syndrome due to work trauma. He noted that Mr. Fraley's job required continuous use of hand tools, which required force and awkward positions. Dr. Guberman opined that he had symptoms and studies consistent with bilateral carpal tunnel syndrome.

On September 12, 2018, Mr. Fraley testified in a deposition that he was a coal miner for forty-two years. He was required to use his hands repetitively and used various tools including hammers, chisels, ratchets, wrenches, and channel locks. He denied any hand injuries. Mr. Fraley stated that he stopped working due to a January 2017 neck injury. He testified that he had never been diagnosed with diabetes or thyroid issues.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on October 9, 2018, in which he indicated that he previously examined Mr. Fraley on April 9, 2018, for a January 17, 2017, injury. After review, Dr. Mukkamala opined that Mr. Fraley suffers from carpal tunnel syndrome, but he did not believe it was work-related. Dr. Mukkamala found that there was evidence of widespread peripheral neuropathy, which predisposes Mr. Fraley to carpal tunnel syndrome. Dr. Mukkamala noted that Mr. Fraley's symptoms did not improve when he quit working, which indicates that the carpal tunnel syndrome is not the result of his work duties.

The Office of Judges affirmed the claims administrator's rejection of the claim in its February 11, 2019, Order. It found that none of the treatment notes of record suggest that Mr. Fraley's bilateral carpal tunnel syndrome is the result of his work duties. The only treating physician to opine that the condition is work-related was Dr. Whitfield in the Report of Injury. However, the Office of Judges found that he did not explain how Mr. Fraley's work duties cause him to develop carpal tunnel syndrome.

The Office of Judges found that Dr. Guberman examined Mr. Fraley and found that he developed carpal tunnel syndrome as a result of cumulative work trauma. However, Dr. Guberman failed to explain which activities caused him to develop the condition. Further, the report failed to discuss Mr. Fraley's confounding conditions, such as obesity, age, and widespread peripheral neuropathy. The Office of Judges also found that Dr. Guberman's report failed to explain why the symptoms failed to improve after Mr. Farley ceased working.

The Office of Judges concluded that Dr. Mukkamala examined Mr. Fraley and considered his comorbidities, which are obesity and widespread polyneuropathy. Dr. Mukkamala opined that both conditions can explain the bilateral carpal tunnel syndrome. The Office of Judges found that Dr. Guberman's report lacked specifics. It also found that the treating physician's notes are confusing regarding whether the condition allegedly resulted from an occupational injury or developed over time due to long-term exposure. The Office of Judges ultimately concluded that Mr. Fraley failed to show that he developed bilateral carpal tunnel syndrome in the course of and resulting from his employment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 19, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The medical records indicate that Mr. Fraley suffers from

conditions which can cause carpal tunnel syndrome. Further, the Office of Judges committed no error in concluding that Dr. Mukkamala's report is reliable. Dr. Mukkamala reviewed the treatment notes, examined Mr. Fraley, and considered his preexisting, non-work-related conditions when arriving at his conclusions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 6, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison